IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| IN RE:<br><br>SKYCHIEF CHIEFSTICK LEWIS | Cause No. CV 25-44-GF-DWM<br><br>ORDER |

Petitioner Skychief Chiefstick Lewis ("Lewis"), a federal pretrial detainee, filed a document entitled "Petition for Writ Habeas Corpus." (Doc. 1.) As a pretrial detainee, the Court presumes Lewis intends to proceed under 28 U.S.C. § 2241. This statute "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004). Section 2241 provides the authority for granting habeas relief to a person who is not in custody pursuant to a judgment but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

While Lewis is proceeding pro se in this matter, he is represented by Federal Defender Clark Mathews in his companion criminal case.

In January of this year an indictment was handed down charging Lewis with Strangulation in violation of 18 U.S.C. § 1153(a) & 113(a)(8). *See, US v. Lewis*,

1

Cause No. CV-25-24-GF-BMM, Indictment (filed Jan. 16, 2025). That matter is currently scheduled for a jury trial on June 24, 2025, before Chief Judge Morris in Great Falls. *US v. Lewis*, CV-25-24-GF-BMM, Or. (D. Mont. March 26, 2025).

Lewis's habeas filing is difficult to follow. He seeks release from custody and asks that his conviction be set aside. (Doc. 1 at 5.) As a pretrial detainee, there is no judgment of conviction for Lewis to challenge. It also appears that the form Lewis has filed was utilized previously by Nevada prisoners seeking relief under a theory that the federal court lacks jurisdiction over those arrested in Indian Country. *See generally*, (Doc. 1.)

But a criminal defendant cannot use a petition for writ of habeas corpus to challenge the district court's orders or assert defenses in a pending federal criminal prosecution. *See, Jones v. Perkins*, 245 U.S. 390, 391 (1918)("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial.") In the instant matter, Lewis has adequate and effective means to vindicate his rights in the trial court. Absent "special circumstances" that could justify "a departure from the regular course of judicial procedure" in criminal proceedings, federal detainees may not supplant those proceedings with an intervening petition for collateral habeas relief under § 2241. *Riggins v. United States*, 199 U.S. 547, 551 (1905); *see also, Edwards v. Vannoy*, 593 U.S. 225, 289

(2021).

Given the ongoing nature of his criminal proceedings, this Court declines to interfere with another judge's case. *See, Mullis, v. U.S. Bankr. Ct. for Dist. Of Nevada*, 828 F. 2d 1385, 1393 (9th Cir. 1987). Moreover, Lewis has presented no extraordinary circumstances to justify intervention in an ongoing criminal proceeding. Accordingly, Lewis's challenges to his active federal criminal prosecution must be dismissed. Lewis must pursue any jurisdictional claims in his pending criminal case before Judge Morris.

Pursuant to the Federal Rules Governing Habeas Cases, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons set forth herein, Lewis has not made a substantial showing of the denial of a constitutional right. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of

3

appealability is denied.

Based on the foregoing, IT IS ORDERED that:

1. Lewis's Petition (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 10th day of June, 2025.

_____
Donald W. Molloy, District Judge
United States District Court